DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a decision by the Erie County Court of Common Pleas to deny summary judgment to Underwriters Subscribing to Lloyd's Policy No. G712116 ("Underwriters"), in a case involving uninsured/underinsured ("UM/UIM") motorist coverage. Because we conclude that Patrick R. Saunders II is not an "assured" under Underwriters' policy, we reverse.
 {¶ 2} In September 1995, appellee, Patrick R. Saunders II, was injured in a motor vehicle accident. The accident was the result of the negligence of Carl E. Mortensen, an underinsured motorist, who died as a result of injuries sustained in the accident. Appellees, Patrick Saunders and Antoinette Saunders, are Patrick R. Saunders II's parents. At the time of the accident, both Patrick Saunders and Antoinette Saunders were employed by Huron County, which was a member of the self-insurance program created by the Ohio County Risk Sharing Authority ("CORSA"). Underwriters issued a motor vehicle liability policy to CORSA. On September 16, 1996, Patrick R. Saunders II and his parents (collectively "Saunders") filed a complaint against Mortensen's estate.[1] In November 2000, a jury returned a verdict in favor of the Saunders in the amount of $454,768.70. The Saunders then filed an amended supplemental petition and action for declaratory judgment against Underwriters, seeking UM/UIM coverage. Underwriters filed a motion for summary judgment on July 2, 2002. The trial court denied the motion finding that coverage arose by operation of law and that Patrick R. Saunders II was an insured pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660 and Ezawa v. Yasuda Fire Marine Ins. Co. of Am.
(1999), 86 Ohio St.3d 557. After the trial court issued an order that there was no just cause for delay, Underwriters filed this appeal raising the following five assignments of error:
 {¶ 3} "I. Whether the trial court erred in holding that underinsured motorists coverage arises by operation of law under Lloyd's Policy No. G712116.
 {¶ 4} "II. Whether the trial court erred in holding that plaintiff-appellees provided notice of their claim within the applicable policy period.
 {¶ 5} "III. Whether the trial court erred in holding that plaintiff Patrick R. Saunders II was an insured under the policy.
 {¶ 6} "IV. Whether the trial court erred in holding that Lloyd's Policy No. G712116 provided underinsured motorists coverage at limits of $1,000,000.
 {¶ 7} "V. Whether the trial court erred in failing to find that prejudice arose due to the late notice of the claim."
 {¶ 8} Because the third assignment of error is determinative of this action, we will address the issues in that assignment of error only.
 {¶ 9} A review of the trial court's ruling on a motion for summary judgment is de novo, and thus, we apply the same standard as the trial court. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v.Burt (1996), 75 Ohio St.3d 280, 294. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 111.
 {¶ 10} In the third assignment of error, Underwriters contends that the trial court erred by holding that Patrick R. Saunders II was entitled to UM/UIM coverage by operation of law. Underwriters argues that even if UM/UIM coverage arises by operation of law, it does not arise in favor of family members. It further maintains that the general insuring agreement provides a definition of "assureds" for all coverages and that definition does not include "family member" language.
 {¶ 11} The Saunders argue that the definition of "assured" is irrelevant because the UM/UIM provision does not limit coverage only to "assureds." The Saunders contend that the issue is not who the policy says coverage applies to, but who the law says coverage applies to, and since the policy specifies that coverage arises by operation of law, it must apply to Patrick R. Saunders II.
 {¶ 12} The trial court determined that coverage arose by operation of law and that only the restrictions found in R.C.3937.18 would apply. The trial court further found that where coverage arises by operation of law, there is also coverage for family members under Ezawa, supra. As a result of these findings, the trial court held that Patrick R. Saunders II was entitled to UM/UIM coverage.
 {¶ 13} Section III of the policy provides: "C — UNINSURED/UNDERINSURED MOTORIST: Underwriters hereby agree, subject to the limitations, terms and conditions hereunder mentioned that Uninsured/Underinsured Motorist Insurance shall be afforded in accordance with the law of the State in which the accident occurs."
 {¶ 14} The trial court interpreted the above language to mean that UM/UIM coverage arises in favor of any person to whom it applies by operation of law and that no policy restriction could be applied. Assuming that UM/UIM coverage arises by operation of law in this case, the trial court's finding that coverage is automatically provided for family members is not correct. When coverage arises by operation of law, a court must still determine whether the plaintiff is an insured under the policy. InScott-Pontzer, the Supreme Court of Ohio examined the policy language and concluded that "you" should be interpreted to include employees of a corporation. Scott-Pontzer,85 Ohio St.3d at 664. UM/UIM coverage was extended to family members of corporate employees based on "family member" language in the policy. Ezawa, 86 Ohio St.3d at 558. Ezawa, however, does not stand for the proposition that family members of the employee are included within the definition of "insured" every time aScott-Pontzer ambiguity exists. Blankenship v. Travelers Ins.Co., 4th Dist. No. 02CA693, 2003-Ohio-2592 at ¶ 34. Absent "family member" language in the policy, UM/UIM coverage for family members does not arise by operation of law. See, Wilke v.Montes, 6th Dist. No. OT-02-003, 2003-Ohio-217; Hamilton v.CNA Ins., 2nd Dist. No. 1591, 2003-Ohio-1761 at ¶ 23;Personal Service Ins. Co. v. Werstler, 5th Dist. No. 2002CA00232, 2002CA00250, 2003-Ohio-932.
 {¶ 15} In this case, the policy contains a definition of "assured" in its General Insuring Agreement which applies to all sections of the policy. An examination of the policy language shows that Patrick R. Saunders II is not an "assured." The policy provides:
 {¶ 16} "I. Who is an Assured.
 {¶ 17} "It is agreed that the unqualified word `Assured' wherever used in this Insurance includes not only the Named Assured but also: —
 {¶ 18} "1. any official, trustee, Director, Officer, Partner, Volunteer or employee of the Named Assured while acting within the scope of his duties as such, and any person, organisation [sic], trustee or estate to whom the Named Assured is obligated by virtue of written contract or agreement to provide insurance such as is offered by this Insurance, but only in respect of operations by or on behalf of the Named Assured;
 {¶ 19} "2. under Section III any person while using an owned automobile or a hired automobile, and any person or organisation [sic] legally responsible for the use thereof, provided the actual use of the automobile is by the Name Assured or with his permission, and any official of the Named Assured with respect to the use of non-owned automobiles in the business of the Named Assured. This Insurance with respect to any person or organisation [sic] other than the Named Assured does not apply:
 {¶ 20} "(a) to any person or organisation [sic], or to any agent or employee thereof, operating an automobile sales agency, repair shop, service station, storage garage or public parking place, with respect to any accident arising out of the operation thereof;
 {¶ 21} "(b) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer;
 {¶ 22} "(c) with respect to any hired automobile, to the owner of a lessee thereof, other than the Named Assured, not to any agent or employee of such owner or lessee;
 {¶ 23} "(d) with respect to any non-owned automobile, to any official or employee if such automobile is owned by him or a member of the same household. * * *"
 {¶ 24} Patrick R. Saunders II was not an official, trustee, director, officer, partner, volunteer or employee of Huron County. In addition, family members of employees are not included in the above definition of "assured." The only possible reference to family members is in paragraph I.2.(d), in which coverage is excluded for employees who drive automobiles owned by a member of the same household. As a result, Patrick R. Saunders II is not an "assured" under Underwriters' policy, negating any coverage for his UM/UIM claims.
 {¶ 25} Furthermore, the trial court relied on Ezawa to find coverage for Patrick R. Saunders II. In Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, the Ohio Supreme Court overruled Ezawa. The Galatis court held that "absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured and underinsured motorist coverage covers a loss sustained by an employee of a corporation only if the loss occurs within the course and scope of employment. Id. at paragraph two of syllabus. The Galatis
court further held that a policy which designates a corporation as a named insured and designates "family members" of the named insured as other insureds does not extend coverage to a family member of an employee of the corporation, unless that employee is also a named insured. Id. at paragraph three of syllabus. Although this case concerns a policy issued to a county through CORSA rather than to a corporation, the reasoning in Galatis
was extended to county employees by In Re Uninsured andUnderinsured Motorist Coverage Cases, 100 Ohio St.3d 302. In accord, Wilson v. Haimerl, 12th Dist. No. CA 2002-08-017, 2003-Ohio-1774; Vicars v. McCray, 9th Dist. No. 21087, 2002-Ohio-6033.
 {¶ 26} Underwriters' policy limits coverage to employees while in the scope of their employment and does not extend coverage to "family members" of an assured. Patrick R. Saunders II was injured while driving a private automobile while on personal business. He was not an employee of Huron County. Accordingly, Patrick R. Saunders II is not entitled to coverage under the Underwriters' policy, and we find that the third assignment of error is well-taken.
 {¶ 27} Based on our disposition of the third assignment of error, the first, second, fourth and fifth assignments of error are moot.
 {¶ 28} The judgment of the Erie County Court of Common Pleas is reversed. Court costs of this appeal are assessed to appellees.
JUDGMENT REVERSED.
Handwork, P.J., Lanzinger, J., Singer, J. concur.
[1] Also named in the complaint were Mortensen's wife and two businesses that allegedly provided Mortensen with intoxicating alcoholic beverages.